UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL W. MOON,

    Plaintiff,

      v.

UNITED STATES OF AMERICA, WENDY J. ROAL, S. JULIAN, FERNANDO CASTILLO, LESLEE DUNCAN, ANDREW RUPSKA, J. BEIGHLEY and M. WINKLEMEYER,

    Defendant.

Case No. 12-cv-1090-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the notice of voluntary dismissal (Doc. 11) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) filed by plaintiff Darnell W. Moon.  Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action without a court order at any time before the opposing party serves an answer or a motion for summary judgment.  The defendants have not served an answer or motion for summary judgment in this case.  Because the plaintiff has an absolute right to dismiss this case at the present time, the Court finds that this action is **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to close this case.

The matter of whether Moon is entitled to *in forma pauperis* ("IFP") status remains.  The voluntary dismissal of this case does not relieve Plaintiff of his responsibility to pay the $350.00 filing fee.  A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  See 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

Moon has asked the Court for leave to proceed IFP (Doc. 3).  Moon has filed at least three

actions that have been dismissed as frivolous pursuant to § 1915: *Moon v. National Asset Recovery Services, Inc.*, No. 4:09-cv-00117-DDN (E.D. Mo. Feb. 2, 2009); *Moon v. United States of America*, No. 1:09-cv-00006-RWS (E.D. Mo. Feb. 3, 2009); *Moon v. National Asset Recovery Services, Inc.*, No. 4:09-cv-01129-DDN (E.D. Mo. July 28, 2009).   Thus, Moon cannot proceed IFP in this case unless he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

Moon is not under imminent danger of serious physical injury.   On December 17, 2012, the Court held a hearing at which it denied Moon's motion for a preliminary injunction on the basis that Moon was not in imminent danger of serious physical injury.   Specifically, it found that Moon suffered from pain and itching wounds for which he is receiving treatment, but that his wounds do not pose a serious threat to his life or health.   Based on that same finding, the Court finds Moot is not entitled to the benefit of IFP status in this case and, accordingly, **DENIES** Moon's motion for leave to proceed IFP (Doc. 3).

Accordingly, to collect the filing fee Moon owes the Court, the agency having custody of the plaintiff is directed to remit the $350.00 filing fee from his prison trust fund account if such funds are available.   If he does not have $350.00 in his account, the agency must send 20% of the current balance or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.   Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.   The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the

United States Penitentiary at Marion, Illinois, upon entry of this Order.

Additionally, as Plaintiff was warned in case no. 12-cv-982-DRH (Doc. 11), should he file any future civil action in this Court without first paying the fee for this case, his complaint shall not be considered by the Court until full payment of the filing fee for this case has been made.

**IT IS SO ORDERED.**
**DATED: February 5, 2013**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**